***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before former Deputy Commissioner Ford and Deputy Commissioner Stephenson, and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Stephenson.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter of this claim.
2. This action is filed pursuant to the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291, et seq.
3. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
4. Defendant, North Carolina Department of Correction, is a State agency and Ricardo Hardison was an employee of defendant at the time of the alleged negligence.
5. The date of the alleged negligence giving rise to this claim is June 22, 1996.
6. Stipulated Exhibit #1 includes the medical records of plaintiff.
7. Plaintiff's Exhibit #1 — Statement of Captain Linwood Sutton; Plaintiff's Exhibit #2 — Statement of Correctional Officer Ricardo Hardison; and Plaintiff's Exhibit #3 — Inmate accident report for plaintiff of June 22, 1996, are admitted into evidence.
8. Defendant's Exhibit #1 — Statement of plaintiff, is admitted into evidence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about June 22, 1996, plaintiff was incarcerated at Sampson Correctional Institute.
2. On August 21, 1997, plaintiff filed tort claim TA-15044 with the North Carolina Industrial Commission. On December 9, 1997, plaintiff filed tort claim TA-15346 with the North Carolina Industrial Commission.
3. By Order filed August 4, 2000, Deputy Commissioner Douglas E. Berger dismissed plaintiff's medical malpractice claim against Nurse Carpenter or any other Department of Correction medical professional.
4. Plaintiff alleges in his affidavits that on June 22, 1996, Correctional Officer Ricardo Hardison struck plaintiff in his right eye with a set of keys as plaintiff walked through a doorway.
5. Plaintiff approached Correctional Officer Hardison from behind while Hardison was standing in the doorway counseling another inmate.
6. Plaintiff had been assigned to sweep the hallway. As plaintiff came close to Hardison in the doorway, Hardison was unaware of plaintiff's approach from the rear. Hardison raised his left hand to point in the direction to where he was ordering the other inmate to go, and his keys struck plaintiff in the right eye.
7. Hardison's actions were reasonable and plaintiff's injury was not foreseen.
8. Plaintiff withdrew his claim against Unit Manager Tyrell at the hearing.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that the named employee of defendant, Ricardo Hardison, was not negligent on June 22, 1996. N.C. Gen. Stat. § 143-291(a).
2. Plaintiff is not entitled to any damages from defendant. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby denied.
2. Each side shall pay its own costs.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER